26 F.3d 130
 73 A.F.T.R.2d 94-2195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Onie L. HYDE, a Married Woman, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-16685.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Onie L. Hyde appeals the district court's denial of her motion for reconsideration filed pursuant to Fed.R.Civ.P. 60(b)(2) on the basis of newly-discovered evidence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We address first the question of our jurisdiction over this appeal. The government contends that our jurisdiction is limited to review of the district court's denial of Hyde's Rule 60(b)(2) motion and that we may not review the underlying summary judgment. This contention has merit.
 
 
 4
 The district court entered summary judgment for the government on June 7, 1993. Under Fed.R.App.P. 4(a)(1), Hyde's notice of appeal was due on August 6, 1993. See Fed.R.App.P. 4(a)(1) (providing that notice of appeal may be filed within sixty days after entry judgment if United States is party).
 
 
 5
 Hyde did not file her notice of appeal until September 2, 1993, 27 days after the deadline for appealing the district court's summary judgment had passed. The time for appeal was not tolled when Hyde filed her motion for reconsideration on June 23, 1993 because the motion was served more than ten days after the district court entered summary judgment. See Fed.R.App.P. 4(a)(4). Hyde's notice of appeal is therefore untimely as to the June 7, 1993 summary judgment and, because the timely filing of a notice of appeal is a jurisdictional requirement, see Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir.1988), we lack jurisdiction to review that judgment. Hyde's appeal is timely, however, as to the order denying her Rule 60(b)(2) motion. Thus, we proceed to consider whether the district court correctly denied that motion.
 
 
 6
 In her motion, Hyde sought reconsideration on the basis of newly-discovered evidence that had a direct bearing on the district court's decision. The newly-discovered evidence was the death of Hyde's husband, Farrell, on May 5, 1993.
 
 
 7
 To obtain relief under Rule 60(b)(2) on the basis of newly-discovered evidence, Hyde had to show the evidence (1) existed at the time the district court entered summary judgment, (2) could not have been discovered through due diligence, and (3) was " 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.' " Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990) (per curiam) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987)). We review the district court's denial of such relief for abuse of discretion. Coastal Transfer Co., 833 F.2d at 211.
 
 
 8
 Hyde's husband died on May 5, 1993. Thus, the evidence of his death existed at the time the district court entered summary judgment on June 7, 1993. See Jones, 921 F.2d at 878. We are not convinced, however, that Hyde could not have discovered this evidence before that time and brought it to the district court's attention. See id. Indeed, Hyde has never attempted to explain how she could not have known of her husband's death. Thus, because the death of Hyde's husband is not newly-discovered evidence within the meaning of Rule 60(b)(2), the district court did not abuse its discretion by denying Hyde's motion.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court considered whether the death of Hyde's husband would change the disposition of the case. See Jones, 921 F.2d at 878. Because we affirm for the reason discussed above, we do not reach that question. See Tipton v. University of Hawaii, 15 F.3d 922, 925 (9th Cir.1994) (court of appeals may affirm district court's judgment on any ground supported by record)